## Smith et al. v. Cook

*Shaver & Heckman,* for plaintiffs.
*Leland W. Walker,* for defendant.

BOOSE, P. J., November 19, 1941.—This case is before the court upon a writ of certiorari to review the

legality of a judgment recovered by Mrs. Nora E. Cook, plaintiff in error, against Mrs. Evalyn Laus Smith and Mrs. Elsie Laus Nejez, defendants in error, before a justice of the peace. The assignments of error are: (1) That the summons was not served in the manner prescribed by law; (2) that no service was made upon the defendants in the action; (3) that the justice of the peace did not have jurisdiction; (4) that the judgment rendered by him was void; and (5) that notice of said judgment was not given to defendants therein.

The return endorsed on the back thereof shows that the summons was served as follows:

"Served within summons April 29, 1941, by making known and handing a true and attested copy to George Custer, agent for Mrs. Evalyn Laus Smith and Mrs. Elsie Laus Nejez in Somerset Borough, Somerset County, Pa., by handing George Custer, agent, a true and attested copy hereof and making known to George Custer, agent, the contents. So answers C. H. Bowman, Constable."

Defendants did not appear and judgment was entered against them in their absence. At the time of the hearing, plaintiff made an affidavit in writing that defendants are not engaged in military service of the United States as defined in the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, and that the said Evalyn Laus Smith, one of the defendants, is living at 2127 Twenty-seventh Street, Astoria, L. I., N. Y., Apt. B 2, and Elsie Laus Nejez, the other defendant, is living at 4101 Sixty-seventh Street, Woodside, L. I., N. Y. It is conceded that, at the time of the service of said summons, defendants therein named did not reside in the State of Pennsylvania.

Counsel for defendant in error attempts to sustain the legality of the service of summons under the Act of July 9, 1901, P. L. 614, sec. 1 (e), which reads:

"By handing a true and attested copy thereof, at his place of business, to his agent, partner, or the person

for the time being in charge thereof, if upon inquiry thereat his residence in the county is not ascertained, or if for any cause an attempt to serve at his residence has failed."

In support of this position, it is asserted, although this does not appear on the record, that defendants own real estate in the Borough of Somerset, and that they have appointed George Custer, as their agent, to collect rents and make necessary repairs to the premises. Assuming these facts to be true, the service of the summons does not come within the meaning of the above-quoted statute. Defendants did not have a place of business, nor an agent, as contemplated by the act. The word "business" means engaged in merchandising, manufacturing, or in pursuit of mechanical arts; it does not include one who merely rents, or offers for sale through an agent, real estate situate in the county in which the suit is brought: Van Kirk v. Wetherill, 8 Luz. L. R. 3. A constable's return which sets forth that summons was served upon defendant by handing a copy thereof to an adult in charge of his place of business is fatally defective, if it fails to aver it was impossible to ascertain defendant's residence within the county or to serve him there: Kunsman v. Brady, 20 D. & C. 533; Federal Discount Co. v. Oldinsky et al., 20 D. & C. 683. The service of the summons was fatally defective; and, therefore, the justice of the peace did not have jurisdiction of defendants. The record must show on its face everything necessary to sustain the judgment, and since it is only by service that jurisdiction of the person can be had proper service must be shown on the face of the record or a judgment thereon will be declared void. Where the record shows neither service of the summons on defendant nor appearance by him to the action, a judgment rendered in the cause will be reversed.

Now, November 19, 1941, the assignments of error are sustained and the judgment is reversed.